IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SABATINO BIANCO, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| | § | |
| GLOBUS MEDICAL, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dr. Sabatino Bianco, M.D. ("Plaintiff" or "Dr. Bianco") files this Original Complaint against Defendant Globus Medical, Incorporated ("Globus") as follows:

## PARTIES

1.     Dr. Bianco resides in Dalworthington Gardens, Texas and is a citizen of Texas for purposes of 28 U.S.C. § 1332.

2.     Globus is one of the world's largest privately held medical device companies. Globus is incorporated in the State of Delaware and has its principal place of business in the State of Pennsylvania, located at 2560 General Armistead Avenue, Audubon, Pennsylvania 19403.

## JURISDICTION AND VENUE

3.     This is an action for correction of inventorship of a United States patent arising under 35 U.S.C. § 256.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).  This Court also has supplemental jurisdiction over Dr. Bianco's state law claims under 28 U.S.C. §§ 1367, 1338(b).

4.     In addition, complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  Accordingly, subject matter jurisdiction is also proper in this case

under 28 U.S.C. §1332.

5.     The Court has personal jurisdiction over Globus because a substantial part of the acts or omissions giving rise to this case occurred in Texas.   The case involves the misappropriation of trade secrets and confidential information, as well as a breach of an agreement not to improperly use information and to keep such information confidential.  Plaintiff developed and maintained his confidential information and trade secrets in Texas, entered a confidentiality agreement with the Defendant in Texas, disclosed the trade secrets and confidential information to the Defendant in reliance on the agreement in Texas, and received various misrepresentations concerning the Defendant's intent to use the invention in Texas.

6.     Globus sells medical devices incorporating Plaintiff's confidential information into Texas, and the Plaintiff has been injured in Texas.  Globus therefore has minimum contacts with the State of Texas that give rise to the causes of action asserted herein.  It is consistent with traditional notions of fair play and substantial justice to exercise jurisdiction over Globus in Texas.

7.     A substantial part of the acts or omissions giving rise to this claim occurred in the Eastern District of Texas.  Venue is therefore proper in this court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

8.     Plaintiff is a well-respected neurosurgeon specializing in minimally-invasive brain and spine surgeries.  He is the former Chairman of Neurosurgery at Trinity Mother Frances Healthcare Systems ("TMFHS") in Tyler, Texas.   He currently owns a surgical practice in Arlington, Texas.

9.     During his tenure at TMFHS, Dr. Bianco had a close working relationship with Globus.  At that time, Globus was a relatively new company with minimal market share in East

Texas, and Globus was attempting to increase its penetration in the East Texas market.  Plaintiff worked closely with Globus and its representatives for several years.

10.     As is customary in the medical device industry, Globus relies on surgeons to bring it ideas and surgical know-how.  Globus takes those ideas, and after compensating the physician for the information, incorporates those ideas into the development of new products or improvements to existing products in its product lines.  Consistent with this practice, Globus sought ideas and surgical know-how from Dr. Bianco.

11.     Globus entered into a confidentiality agreement with Dr. Bianco and agreed that if Dr. Bianco would share his ideas and designs for medical devices with Globus, Globus would not use those ideas and designs for its own purposes or disclose them to the public without receiving permission from Dr. Bianco.  Such agreements are standard in the industry.  Dr. Bianco and Globus entered into the confidentiality agreement in the State of Texas.

12.     In 2007, Dr. Bianco conceived of an idea and a product design for an expandable intervertebral fusion device for use in minimally invasive spinal surgeries.  At Globus's request, Plaintiff memorialized his idea and his product design in a written document that contained drawings of his invention (the "Invention Disclosure").  Dr. Bianco maintained the secrecy of this information until he disclosed it to Globus pursuant to the confidentiality agreement, and he did not disclose the idea to any other medical device company.

13.     A representative of Globus took the Invention Disclosure and told Dr. Bianco that Globus would evaluate his idea and would inform him whether Globus was interested in commercializing it.  The Globus representative represented to Dr. Bianco that if Globus decided to use the idea, Globus would compensate Dr. Bianco with a royalty arrangement similar to those that are customary in the industry.

14.    In late 2009 or early 2010, a representative of Globus informed Plaintiff that Globus was not interested in developing or commercializing the Plaintiff's idea or design and returned the Invention Disclosure to Dr. Bianco.  At the same time, unbeknownst to Dr. Bianco, Globus was actively developing a medical device known as the Caliber-L, an expandable intra-vertebral fusion device that incorporated the function and features included in the Invention Disclosure.   On information and belief, Globus used the confidential information Plaintiff disclosed to it during its design of the Caliber-L product.

15.    Globus released the Caliber-L product in November 2011 and has continued to use Dr. Bianco's confidential information in breach of their agreement by selling large numbers of the Caliber-L product to surgeons around the country who perform minimally invasive surgeries without providing any compensation to Dr. Bianco.

16.    In addition, unbeknownst to Dr. Bianco, Globus filed United States Patent Application Number 12/579,833 ("the '833 application") on October 15, 2009.  The functions and features of Dr. Bianco's idea and design can be found in the disclosure of the '833 application.  The '833 application did not name Dr. Bianco as an inventor.

17.    U.S. Patent Number 8,062,375 ("the '375 Patent") titled "EXPANDABLE FUSION DEVICE AND METHOD OF INSTALLATION THEREOF" issued from the '833 application on November 22, 2011 (copy attached as Exhibit A).  The '375 patent is assigned to Globus.  The '375 patent does not list Dr. Bianco as inventor.

## COUNT I

## MISAPPROPRIATION OF TRADE SECRETS

18.    Dr. Bianco possessed valuable trade secrets in the design of the expandable inter-body spacer device.  He maintained, or took reasonable precautions to maintain, the secrecy of

Case 2:12-cv-00147-WCB   Document 1   Filed 03/20/12   Page 5 of 11 PageID #: 5

that information.  He disclosed the information to Globus under circumstances that gave him an expectation that Globus would maintain the confidentiality of the information and would not use that information for its own benefit without obtaining permission from Dr. Bianco and compensating Dr. Bianco.  Globus acquired Dr. Bianco's trade secrets through a relationship of trust and under a confidentiality agreement.

19.     On information and belief, Globus used the information for its own benefit and disclosed it to the public with knowledge that the information constituted trade secrets.  Globus thereby misappropriated Dr. Bianco's trade secrets.  Globus did not obtain permission to disclose the trade secrets and did not compensate Dr. Bianco for the use of the trade secrets.  Globus acted willfully and maliciously in misappropriating Dr. Bianco's trade secrets.  Dr. Bianco has suffered actual damages in an amount to be determined by the trier of fact.  Dr. Bianco is further entitled to punitive damages as well as injunctive relief.

## COUNT II

## BREACH OF CONTRACT

20.     Globus entered an agreement with Dr. Bianco to maintain the confidentiality of Dr. Bianco's idea for an expandable interbody spacer device.  Globus agreed that it would not use that information for its own benefit without obtaining permission from Dr. Bianco and compensating Dr. Bianco.

21.     Globus breached the agreement with Dr. Bianco to maintain the confidentiality of his information.  Globus breached the agreement not use that information for its own benefit without obtaining permission from Dr. Bianco and compensating Dr. Bianco.

22.     Dr. Bianco performed all conditions precedent to enforcement of the agreement.

23.     Dr. Bianco has suffered actual damages in an amount to be determined by the trier

of fact.

## COUNT III

## CORRECTION OF INVENTORSHIP

24.     The '375 patent does not name Dr. Bianco as inventor.

25.     The omission of Dr. Bianco as inventor of the '375 patent was done without any deceptive intent on his part.  The omission of Dr. Bianco as inventor of the '375 patent was done intentionally by Globus.  By failing to name Dr. Bianco as inventor in the declaration filed in support of the '833 application, Globus violated 35 U.S.C. §§ 115 and 116, which require the identification of each inventor in the oath or declaration supporting a patent application.

26.     Dr. Bianco has, and will continue to, incur harm to his right, title and interest in and to the '375 patent caused by the incorrect inventorship.

27.     Under 35 U.S.C. § 256, this Court may order correction of the '375 patent and order the Commissioner of Patents to issue a certificate accordingly.  Without correction of inventorship under 35 U.S.C. § 256, Globus's violation of these federal statutes will continue unabated to the detriment of Dr. Bianco and the public at large.

28.     Dr. Bianco therefore requests correction of inventorship in the '375 patent to insure compliance with the federal requirement for filing patent applications and to preserve his good name and reputation, and to properly identify Dr. Bianco as inventor for the benefit of the public.

## COUNT IV

## UNFAIR COMPETITION

29.     Globus accepted the Invention Disclosure promising Dr. Bianco that it would review it in good faith and it would not use that information for its own benefit without obtaining permission from Dr. Bianco and compensating Dr. Bianco.

30.     Globus kept the Invention Disclosure for an extended period of time, robbing Dr. Bianco of the opportunity to present his idea to other medical device companies for commercialization.   During this time, Globus never informed Dr. Bianco that Globus was secretly in the process of filing a patent application on a device that incorporated the function and features of Dr. Bianco's idea.

31.     After filing its patent application, Globus then returned the Invention Disclosure, falsely claiming that it had no interest in Dr. Bianco's idea.

32.     Globus's unlawful and unfair conduct constitutes unfair competition as contemplated by Texas law.   Thus, Dr. Bianco is entitled to actual and punitive damages, as well as injunctive relief.

## COUNT V

## FRAUD

33.     In late 2009 or early 2010, Globus represented to Dr. Bianco that Globus was not interested in developing or commercializing the Plaintiff's idea or design and returned the Invention Disclosure to Dr. Bianco.

34.     Globus's representation was material because it related directly to the Invention Disclosure that disclosed Dr. Bianco's idea to Globus.

35.     Globus's representation was a false statement of fact.

36.     Globus knew that the statement was false because at the same time, unbeknownst

to Dr. Bianco, Globus was actively developing a medical device known as the Caliber-L, an expandable intra-vertebral fusion device that incorporated the function and features included in the Invention Disclosure. On information and belief, Globus used the confidential information Plaintiff disclosed to it during its design of the Caliber-L product.

37.    In addition, unbeknownst to Dr. Bianco, Globus had already filed the '833 application on October 15, 2009. The functions and features of Dr. Bianco's idea and design can be found in the disclosure of the '833 application. The '833 application did not name Dr. Bianco as an inventor.

38.    Globus intended Dr. Bianco to rely on the representation.

39.    Dr. Bianco relied on the representation, believing that Globus really had no interest in the idea, and as a result he believed that his idea may not have been as valuable as he originally anticipated.

40.    Globus's false representation directly and proximately caused damage to Dr. Bianco because Dr. Bianco lost the opportunity to seek out other avenues to commercialize his invention.

41.    Dr. Bianco is entitled to actual and punitive damages, as well as injunctive relief.

<u>**COUNT VI**</u>

<u>**THEFT**</u>

42.    Globus obtained the Invention Disclosure promising Dr. Bianco that it would not use that information for its own benefit without obtaining permission from Dr. Bianco and compensating Dr. Bianco.

43.    Globus, after retaining the Invention Disclosure for an extended period of time, returned it to Dr. Bianco, representing to him that Globus was not interested in developing or commercializing his idea or design. Globus never informed Dr. Bianco that Globus was secretly

in the process of developing a commercial product and filing a patent application on a device that incorporated the function and features of Dr. Bianco's idea. Globus therefore unlawfully appropriated Dr. Bianco's property and is liable for theft under the Texas Theft Liability Act.

44.     Globus has committed theft and is therefore liable to Dr. Bianco for the damages resulting from that theft, including actual damages as determined by the trier of fact and any additional damages allowed under the law.

## COUNT VII

## EXEMPLARY DAMAGES

45.     The misappropriation of trade secrets and other conduct referenced herein was done with malice. Globus is therefore liable for exemplary damages as a result of its conduct.

## COUNT VIII

## INJUNCTIVE RELIEF

46.     Dr. Bianco has suffered irreparable harm for which there is no adequate remedy at law. Dr. Bianco has and will continue to suffer injury by virtue of Globus's misappropriation of his ideas and product design. Globus's actions have interfered with and will interfere with Dr. Bianco's ability to license to technology to Globus's competitors.

47.     The balance of hardships favors Dr. Bianco's ability to commercialize his own ideas and technology.

48.     The public interest also supports injunctive relief in this case.

## JURY DEMAND

49.     Dr. Bianco hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

50.    WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer and that, upon final hearing, Plaintiff be awarded the following:

       a.    actual damages, both past and future;

       b.    special damages;

       c.    exemplary damages;

       d.    a preliminary and a permanent injunction restraining the Defendant and all others acting in concert with it from making, using, selling, or otherwise continuing to appropriate Plaintiff's confidential information and trade secrets;

       e.    a declaration naming Dr. Bianco as inventor of the '375 patent;

       f.    an order directing the Commissioner of Patents to name Dr. Bianco as inventor of the '375 patent;

       g.    attorneys' fees; and

       h.    costs of court.

Dated: March 20, 2012

Respectfully submitted,

By: */s/ Michael Simons*
Michael Simons (*Lead Attorney*)
Texas Bar No. 24008042
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street, Suite 1900
Austin, TX 78701
Telephone: 512.499.6253
Facsimile:  512.499.6290
Email: msimons@akingump.com

David M. Stein
Texas Bar No. 00797494
Akin Gump Strauss Hauer & Feld, LLP
633 West Fifth Street, Suite 5000
Los Angeles, California 90071-2081
Telephone: 213.254.1240
Facsimile: 213.254.1201
Email: dstein@akingump.com

Ifti Ahmed
Texas Bar No. 24064795
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX  77002
Telephone: 713.220.5800
Facsimile:  713.236.0822
Email: iahmed@akingump.com

Don Edwin Stokes
Texas Bar No. 19268000
The Stokes Firm
109 East Houston Street
Marshall, TX  75670
Phone: 903.938.5252
Facsimile:  903.938.8616
Email: don@stokesfirm.com

**ATTORNEYS FOR PLAINTIFF
SABATINO BIANCO, M.D.**

202265672