IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SABATINO BIANCO, M.D.** <br> *Plaintiff,* | § § § § | |
| v. | § | CIVIL ACTION NO. 2:12-cv-147-JRG |
| | § | |
| **GLOBUS MEDICAL, INC.,** <br> *Defendants.* | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Sabatino Bianco, M.D.'s ("Bianco") Motion for a Preliminary Injunction (Dkt. No. 13). After carefully considering the parties' written submissions and the oral argument of counsel, the Court **DENIES** the Motion.

### I.  Factual Background and Procedural Posture

Bianco is a neurosurgeon specializing in minimally-invasive brain and spine surgeries. He is the former Chairman of Neurosurgery at Trinity Mother Frances Healthcare System in Tyler, Texas and currently resides in the Arlington, Texas area, where he owns a surgical practice. Globus Medical, Inc. ("Globus") is a large privately held medical device company with its principal place of business in Audubon, Pennsylvania. (Dkt. No. 13, at 1.)

This lawsuit arises out of a relationship between Bianco and Globus spanning a period of time from approximately 2006 to 2010. The parties arranged for Bianco to share ideas and designs for medical devices with Globus, which Globus would then evaluate for possible commercial implementation. (Dkt. No. 13, at 2.) According to Bianco, this is a common practice in the medical device industry and it is customary for physicians and medical device

companies to later enter into a formal compensation arrangement if the idea is ultimately implemented commercially. (Dkt. No. 13, at 2.)

Bianco claims to have conceived of an idea and a product design in 2007 for an expandable intervertebral fusion device for use in minimally invasive spinal surgeries. (Dkt. No. 13, at 2.) He memorialized his idea and product design in a written document that contained drawings of his invention (the "Invention Disclosure"). He provided the same to Globus in mid-2007. *Id*. Bianco alleges – and Globus denies – that this disclosure was provided pursuant to a non-disclosure agreement. A representative of Globus took the Invention Disclosure and allegedly told Bianco that if Globus decided to use the idea, it would compensate Bianco with a royalty arrangement similar to those which are customary in the industry. (Dkt. No. 13, at 3.) However, in late 2009 or early 2010, a representative of Globus informed Bianco that the company was not interested in developing or commercializing an expandable intervertebral fusion device and returned the Invention Disclosure to Bianco. *Id*.

During this same time period, Globus was actively developing an expandable intervertebral fusion device known as the Caliber. According to Bianco, the Caliber incorporates the same functions and features invented by Bianco and disclosed to Globus in the Invention Disclosure. Globus filed United States Patent Application No. 12/579,833 ("the '833 application") on October 15, 2009, which relates to the technology underlying the Caliber product. Bianco contends that the '833 application contains the functions and features set forth in the Invention Disclosure, yet fails to name Bianco as an inventor to the patent application. (Dkt. No. 13, at 3.) On November 22, 2011, the '833 application issued into U.S. Patent No. 8,062,375 ("the '375 patent") entitled "EXPANDABLE FUSION DEVICE AND METHOD OF INSTALLATION THEREOF." *Id*. The '375 patent was assigned and is now held by Globus.

Based upon the similarities between Bianco's Invention Disclosure and the Caliber product, Globus' possession of Bianco's Invention Disclosure, and Globus' representations regarding the company's interest in the design, Bianco filed this lawsuit on March 20, 2012. Bianco claims that Globus used the confidential information contained in the Invention Disclosure and incorporated it into the design of the Caliber product. Bianco alleges six separate causes of action, including misappropriation of trade secrets, breach of contract, correction of patent inventorship, unfair competition, fraud and Texas theft liability. Further, Bianco seeks a preliminary injunction to "return the parties to the last uncontested status quo – that status existing just before Globus wrongfully used Dr. Bianco's intellectual property." (Dkt. No. 13, at 8.) It is Bianco's application for a preliminary injunction that is now before the Court.

**II.     Legal Standard**

To be entitled to a preliminary injunction, Bianco must establish that "(1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008).

**III.    Analysis**

  a.  *Likely Success on the Merits*

Bianco contends that he is likely to succeed on the merits for each claim asserted against Globus, but specifically identifies his Trade Secret Misappropriation, Breach of Contract, Correction of Inventorship and Texas Theft Liability claims as demonstrating a strong likelihood of success on the merits for purposes of his application for Preliminary Injunction. Globus responds that Bianco will not succeed on any of his claims because his underlying factual assumptions are incorrect. According to Globus, there was no trade secret, Globus did not use

3

any technology or ideas provided by Bianco and there was no contract requiring confidentiality. For the purposes of this Order the Court assumes *arguendo* that Bianco has shown a likelihood of success on the merits and weighs the first prong in Bianco's favor.[1]

      b. *Irreparable Harm*

Bianco argues that he will suffer irreparable harm in the absence of a preliminary injunction. Specifically, Bianco contends that Globus' misappropriation of Bianco's patent rights deprives him of his statutory right to exclude others from practicing his invention. Further, Bianco argues that, absent a preliminary injunction, Globus could establish the Caliber product as a market leader, thereby precluding Bianco from ever successfully commercializing his ideas either by himself or through a different medical device manufacturer. (Dkt. No. 13, at 9.)

Globus responds that even if Bianco were to prove he were the co-inventor of the '375 patent, he would not be entitled to prevent the other co-inventors from "mak[ing], us[ing], offer[ing] to sell, or sell[ing] the patented invention." 35 U.S.C. § 262. These actions could occur "without the consent of and without accounting to the other owners." *Id*. Therefore, even if Bianco could succeed on the merits, he would be "unable to show *any harm at all*, let alone irreparable harm." (Dkt. No. 25, at 10) (emphasis in original.)

Globus also argues that even if Bianco were able to prove that he is the sole inventor of the '375 patent, he cannot show irreparable harm because he is a non-practicing entity and not a direct competitor to Globus. *See, e.g., Amgen, Inc. v. F. Hoffman LaRoche Ltd.*, 581 F. Supp. 2d 160, 210 (D. Mass. 2008) (acknowledging that *eBay* "has allowed courts to decline requests for injunctive relief where the plaintiff is" a non-practicing entity); *Praxair, Inc. v. ARMI, Inc.*, 479 F. Supp. 2d 440, 444 (D. Del. 2007) (injunction not warranted even though infringer was patentee's

---

[1] The Court expresses no Opinion on whether Bianco is likely to ultimately prevail on the merits.

sole competitor). In lieu of an injunction, Globus contends that the appropriate remedy for Bianco would be an award of monetary damages in an amount no less than a reasonable royalty. (Dkt. No. 25, at 10.)

The Court agrees with Globus. Bianco has not demonstrated why monetary damages would not be an adequate remedy in this case. Bianco is not affiliated with an operating entity and it is clear that Bianco and Globus are not competitors in the marketplace. Any harm suffered to Bianco and caused by Globus' continued exploitation of the '375 patent during the pendency of this case can be remedied by an award of monetary damages.[2] The irreparable harm prong does not weigh in Bianco's favor.

    c. *Balance of the Equities*

Bianco advances only a brief and cursory argument with regard to the balance of the equities prong. (Dkt. No. 13, at 9.) Bianco concedes that Globus may endure some hardship if the Court issues a preliminary injunction, but contends that Globus will not be "unfairly" harmed by the grant of such relief. *Id*. Globus responds that the Caliber device is a "cutting-edge technology that has been well-received by surgeons" and that entry of a preliminary injunction would require Bianco to "post a bond for tens of millions of dollars" to protect the interests of Globus. (Dkt. No. 25, at 12.)

Again, the Court agrees with Globus. Globus has invested substantial resources in developing the Caliber product. It is already on the market and has been well-received by doctors. A preliminary injunction would certainly harm Globus' efforts to monetize the Caliber product. Conversely, Bianco has not invested any resources into developing a comparable

---

[2] Given the significant length of time until the '375 patent's expiration, monetary damages are sufficient to compensate Bianco during the pendency of this lawsuit. This ruling, however, does not foreclose the possibility of a permanent injunction in the event that Bianco prevails at trial. The Court does not reach that question at this time.

product and will suffer no appreciable harm in the absence of a preliminary injunction. The equities do not weigh in Bianco's favor.

   d. *Public Interest*

Bianco states that "[t]here is a strong public interest in protecting trade secrets and preventing their unlawful misappropriation." (Dkt. No. 13, at 9.) Bianco also argues that "[a]ny alleged public interest or value in Globus being permitted to continue to sell the Caliber device does not outweigh the public interest in preventing misappropriation of trade secrets." *Id.*, at 10. Globus responds that taking the Caliber product off of the market at this time would "be a disservice to the public and the many patients that could benefit from its use, and would be contrary to public policy." (Dkt. No. 25, at 12.)

Again, the Court agrees with Globus. While the Court is mindful of the strong public interest served by protecting trade secrets and intellectual property rights, the Court concludes that this factor does not weigh in Bianco's favor. The public's interest is better served by not depriving it of this medical advance, especially where money damages can fairly compensate Bianco if he prevails on his underlying claims.

**IV.** **Conclusion**

Despite assuming *arguendo* that Bianco has demonstrated a likelihood of success on the merits, this is not a case in which a preliminary injunction is warranted. The irreparable harm prong does not weigh in Bianco's favor because monetary damages are an adequate remedy due to the nature of the relationship between Bianco and Globus. Further, the balance of the equities and public interest factors also weigh against Bianco since the Caliber product is already on the market and directly benefits public health. For all of these reasons, the Court **DENIES** Bianco's Motion for a Preliminary Injunction.

**So ORDERED and SIGNED this 14th day of November, 2012.**

                                                  RODNEY GILSTRAP
                                                  UNITED STATES DISTRICT JUDGE