**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SABATINO BIANCO, MD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:12-CV-147-WCB |
| | § | |
| | § | |
| GLOBUS MEDICAL, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

On January 3, 2014, the Court heard oral argument on the December 31, 2013, motion by

Globus Medical, Inc., for reconsideration of the Court's prior order denying transfer of this case

to the United States District Court for the Eastern District of Pennsylvania (Dkt. No. 186).

Because the date of trial is imminent, the Court entered an oral order at the conclusion of the oral

argument denying the motion and providing a brief explanation for the Court's reasons.  This

written memorandum and order provides a more comprehensive record of the arguments made in

support of the motion and the Court's reasons for denying it.

BACKGROUND

Early in the proceedings in this case, defendant Globus Medical, Inc., moved (Dkt. No.

24) to transfer venue to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a).  One of

the arguments Globus made at that time in favor of transfer was that the parties had executed

three written nondisclosure agreements, each of which contained a clause providing that any

1

disputes between the parties arising under the agreements "shall be brought and heard either in Pennsylvania commonwealth courts or Federal District courts located within 50 miles of Philadelphia." When it filed its initial transfer motion, Globus stated that it was aware of only the three written nondisclosure agreements that were executed by Globus and Dr. Bianco during the course of their business relationship.

On November 15, 2012, the Court denied the motion to transfer in a detailed order (Dkt. No. 44). In addressing Globus's argument that the forum-selection clauses in the nondisclosure agreements required that the case be transferred, the Court acknowledged that the presence of a forum-selection clause "would normally weigh strongly in favor of transfer." However, the Court held that there was no governing forum-selection clause in this case because (1) the nondisclosure agreements executed in September 2007, in March 2008, and in June 2009, together with their associated forum-selection clauses, were not in force at the time of the June 2007 disclosure that forms the basis for Dr. Bianco's claims, and (2) that Globus had admitted that no nondisclosure agreement was in place when it received Dr. Bianco's disclosures in June 2007.[1] After considering the other factors bearing on the transfer issue, the Court denied the motion to transfer.

---

[1] In addition to stating in its motion to transfer that it was aware of only the three written agreements (the September 2007, March 2008, and June 2009 agreements), Globus stated on the same day, in its response to Dr. Bianco's motion for a preliminary injunction, that "Globus was not bound by any confidentiality agreement relating to any materials Bianco provided to Globus in July [sic: June] 2007," that there was no "confidentiality agreement with Globus in 2007 that would obligate Globus to keep his new ideas confidential," that "Globus never signed an agreement relating to Bianco's alleged confidential information until the middle of 2009 when it executed the 2009 NDA," and that "at the time Bianco provided materials to Globus in 2007 relating to the Bianco Concept, Globus was not bound by any written agreement as to sharing or use of the technology" (Dkt. No. 25, at 2, 5).

On December 31, 2013, less than two weeks before the scheduled trial date, Globus filed the present motion for reconsideration of the denial of its previous motion to transfer.  The new motion was predicated on a decision of the United States Supreme Court issued on December 3, 2013.  That decision, Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, No. 12-929 (U.S. Dec. 3, 2013), held that in an action arising under a contract, a forum-selection clause in that contract may be enforced by a motion to transfer under section 1404, and that when such a clause is applicable, it should be given controlling weight in all but the most exceptional cases.

DISCUSSION

In its motion for reconsideration, Globus takes the position that the parties both agree that they executed a confidentiality agreement prior to plaintiff's disclosure in June 2007, even though the record contains no written evidence of such an agreement.[2]  Globus further contends that all of its confidentiality agreements contain forum-selection clauses providing that disputes arising from the agreements will be resolved in state or federal courts in the Philadelphia area. For that reason, Globus argues that the Court should treat the putative June 2007 agreement as containing such a clause and should grant a transfer based on that clause.

1.  The Supreme Court's recent decision does not affect the grounds on which this Court previously denied the motion to transfer.  As noted, this Court accepted the proposition that a

---

[2]  Globus has not explained the reason for its change in position as to whether there was a confidentiality agreement in June 2007.  Although it states in its motion that "Plaintiff and Globus agree that the parties executed a confidentiality agreement prior to Plaintiff's disclosure in June 2007," that statement is supported only by citations to Dr. Bianco's representations to that effect, which are consistent with the position Dr. Bianco has taken in his complaint and ever since.  Nonetheless, the Court will accept Globus's new position on the existence of the June 2007 agreement as a judicial admission to that effect.

3

forum-selection clause should be given great weight but ruled that there was no governing forum-selection clause at issue in this case.  Nothing has changed with respect to that ground of decision except for Globus's belated change of position with respect to whether the parties entered into a confidentiality agreement in June 2007.  It is therefore incorrect for Globus to suggest that the Supreme Court's recent decision requires a different decision on the transfer issue from the one made in response to Globus's original transfer motion.

2.  As the Court noted in its previous order, there are three written nondisclosure agreements between the parties as to which the record contains documentary evidence: an agreement dated September 20, 2007; an agreement dated March 8, 2008, and an agreement dated June 22, 2009.  The first two of those agreements are nonmutual in nature; that is, they identify Globus as the "disclosing party" and Dr. Bianco as the "recipient" of the confidential disclosures, and they impose duties of confidentiality on Dr. Bianco as the recipient, not on Globus, the disclosing party.  As the Court previously explained, those agreements grant no rights to Dr. Bianco, and thus Dr. Bianco's claims in this case do not arise under those agreements.  The last of the three agreements, dated June 22, 2009, grants rights to both Globus and Dr. Bianco, but as the Court explained in its earlier order, that agreement postdated (by two years) the disclosures at issue in this case.

3.  Globus makes two arguments as to why the motion for reconsideration should be granted.

First, it relies on its change of position with regard to the existence of a nondisclosure agreement in June 2007, and it asserts through its counsel that Globus's nondisclosure agreements always contain forum-selection clauses designating courts in the Philadelphia area as

the proper venue for disputes arising under those agreements.  As to whether the June 2007 agreement was mutual or unilateral, Globus points to Dr. Bianco's deposition testimony in which he stated that he had signed a confidentiality agreement in or around June 2007.  While Dr. Bianco acknowledged that Globus had insisted on his signing the June 2007 agreement in order for him "to be able to see or participate in their new, developing technology," and so that he "could not go and disclose the secret that they were developing to other company or people," he stated that in his opinion, the June 2007 agreement "implied that if I had any conversation about my ideas with them, I would be protected from Globus using this without my permission."

The Court is not prepared to conclude, based on Dr. Bianco's statement—that he believed the June 2007 agreement "implied" that his confidences would be protected—that the June 2007 agreement was a mutual nondisclosure agreement.  It is significant that the agreement signed three months later, in September 2007, was a unilateral agreement, as was the agreement signed six months after that, in March 2008.  Of the written agreements before the court, only the 2009 agreement is a mutual nondisclosure agreement.  It is difficult to credit the view that the June 2007 agreement, unlike its two immediate successor agreements, was a mutual nondisclosure agreement, because that view is supported by nothing more than Dr. Bianco's conclusion that the June 2007 agreement "implied" that his confidences would be protected.  Finding insufficient evidence that there was a mutual nondisclosure agreement executed by the parties in June 2007, the Court concludes that any agreement signed at that time gave no enforceable rights to Dr. Bianco.  For that reason, even if that agreement contained a forum-selection clause, it would

have no effect on this case, because this case does not arise under the June 2007 agreement, which protected only Globus.[3]

In order to base a transfer order on the June 2007 agreement, the Court would also have to find that the agreement contained a forum-selection clause similar to the ones in the later nondisclosure agreements.  Globus relies on the assertion of counsel, unsupported by evidence, that Globus's nondisclosure agreements all contain forum-selection clauses.[4]  The Court is not prepared to transfer this case, at this late date in the proceedings, based on a supposition supported only by counsel's assertion of what the June 2007 agreement must have contained.

Second, Globus argues that the June 2009 mutual nondisclosure agreement grants Dr. Bianco rights with respect to his earlier disclosures in June 2007, and thus the dispute in this case can be characterized as arising under the June 2009 agreement, which contains a forum-selection clause directing that the case be tried in the Philadelphia area.

The Court, in its November 2012 order denying transfer, specifically addressed and rejected that argument, holding that the post-June 2007 agreements did not govern the June 2007 disclosure that gave rise to this case.  Globus is simply seeking reconsideration of that already-

---

[3]  This finding, which is necessary to the resolution of a pretrial motion, is necessarily made by the Court under a preponderance standard and based on the limited evidentiary showing made in connection with the transfer motions.  It does not necessarily foreclose the issue of the existence of a June 2007 mutual nondisclosure agreement from being submitted to the jury if the Court concludes that the evidence at trial as to the existence of such a mutual agreement is sufficient to withstand a motion for judgment as a matter of law on that issue.

[4]  The only evidence relating to this issue is in an affidavit of a Globus officer filed with the original transfer motion, which stated that "[a]ll of the NDAs that Bianco signed contained a forum selection clause."  But that statement referred only to the September 2007, March 2008, and June 2009 agreements (all of which plainly contain such a clause).  The statement was made at a time when Globus did not acknowledge that there was a June 2007 agreement, and thus the statement is of no evidentiary value in supporting counsel's assertion that the June 2007 agreement contained such a clause.

decided issue.  This Court has studied the June 2009 agreement and has concluded that it is not retroactive in effect, i.e., it does not give Dr. Bianco protections with regard to disclosures that he made in June 2007, two years before the execution of the June 2009 agreement.  If it were given retroactive effect, the 2009 agreement would bar the future use of information that had been disclosed and freely used prior to the execution of the agreement, effecting a kind of "claw-back" of rights with respect to information previously disclosed by one party and lawfully used by the other.  In the absence of a clear expression of intent to make the agreement operate retroactively in such an unusual manner, the Court will not interpret the June 2009 agreement to have that effect.

4.  Finally, Globus's motion for reconsideration is denied on the additional ground of untimeliness.  The Court's ruling in this respect is not based on Globus's counsel's failure to file the motion promptly after the Supreme Court's December 3, 2013, ruling in the <u>Atlantic Marine Construction Co.</u> case.  Busy trial lawyers cannot reasonably be expected to be aware of recent Supreme Court decisions within a matter of days of their release.  But that is not the crux of the timeliness problem with Globus's motion for reconsideration, as the merits of the motion do not turn on the Supreme Court's decision.  Instead, the motion is based on (1) an argument as to the June 2007 agreement that was made possible by a change in Globus's position as to the existence of that agreement, and (2) an argument as to the June 2009 agreement that was raised and rejected in the original order denying transfer in November 2012.  Since the Supreme Court's decision had no material effect on those issues, Globus's failure to seek reconsideration of the denial of the transfer motion promptly after its entry in November 2012 makes its current motion untimely.

There is no suggestion that the two grounds on which Globus's motion for reconsideration is actually based—its acceptance of Dr. Bianco's longstanding position that the parties executed a nondisclosure agreement in June 2007, and its contention that the June 2009 mutual nondisclosure agreement should be given retroactive effect to bar the use of information given to Globus prior to the date of the agreement—arose only within the last several days or weeks.  In short, nothing happened on or after December 3, 2013, that gave Globus an excuse for seeking reconsideration of its original transfer motion 14 months after the original order denying transfer, and less than two weeks before trial.  See Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989); United States v. Polizzi, 500 F.2d 856, 901 (9th Cir. 1974); McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363-64 (8th Cir. 1965); Salem Radio Representatives, Inc. v. Can Tel Mkt. Support Grp., 114 F. Supp. 2d 553, 558 (N.D. Tex. 2000); Federal Trade Comm'n v. Multinet Mktg., LLC, 959 F. Supp. 394, 395 (N.D. Tex. 1997).

It is so ORDERED.

SIGNED this 6th day of January, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE