IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SABATINO BIANCO, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-00147-WCB |
| | § | |
| GLOBUS MEDICAL, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In the course of a telephone conference regarding the pre-admission of exhibits, several issues arose that the Court took under submission to permit the Court to conduct further study and to permit the parties to file written views. One of the issues was whether certain industry publications and stock analyst reports (PX 412-416) are admissible under the hearsay exception for "Market Reports and Similar Commercial Publications," Fed. R. Evid. 803(17). The Court now holds that the exhibits do not fall within the scope of Rule 803(17).

Rule 803(17) is a narrow exception to the hearsay rule, which applies by its terms to "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations." That enumeration suggests that the exception is designed to include compilations of information such as reports of stock market prices, telephone directories, and sales information for products. The advisory committee's note supports that interpretation, explaining that the exception applies to matters such as "newspaper market reports, telephone directories, and city directories." The note adds that the "basis of

trustworthiness is general reliance by the public or by a particular segment of it, and the motivation of the complier to foster reliance by being accurate."

The courts have generally taken a similarly narrow view of the scope of Rule 803(17), applying it to compilations of data, not to narrative and potentially subjective assessments in either general or specialized publications. See United States v. Woods, 32 F.3d 361, 363-64 (3d Cir. 2003) (database showing location of manufacture of automobiles within exception); United States v. Masferrer, 514 F.3d 1158, 1162 (11th Cir. 2008) (Bloomberg market price quotes for various markets admissible); Conoco, Inc. v. Dep't of Energy, 99 F.3d 387, 393 (Fed. Cir. 1996) (characterizing Rule 803(17) as reaching "market reports, telephone directories, weather reports, mortality tables, or like documents"); United States v. Cassiere, 4 F.3d 1006, 1018-19 (1st Cir. 1993) (real estate listing of properties sold, sale prices, and dates sales closed admissible); United States v. Goudy, 792 F.2d 664, 675 (7th Cir. 1986) (bank directory showing bank routing numbers admissible); United States v. Grossman, 614 F.2d 295, 297 (1st Cir. 1980) (catalogue of a particular company's products admissible).

Several of the cases that Dr. Bianco relies on fit within this narrow scope accorded to Rule 803(17). See Avondale Mills, Inc. v. Norfolk S. Corp., 2008 WL 6953956 (D.S.C. 2008) (financial reports from Moody's and Standard and Poor's, which feature objective data about company performance); CIT Grp./Equip. Fin., Inc. v. Landreth, 2007 WL 4554224 (E.D. Tenn. 2007) (report of prevailing rates for used vehicles); Simkovitz v. Jetran Int'l, Ltd., 496 F. App'x 907, 910 n.2 (11th Cir. 2012) (unpublished) (holding listing of market value of aircraft models in the Airline Pricer Guide admissible).

Those cases are quite different from the analyst reports in the exhibits proffered by Dr. Bianco. While the reports in exhibits 412 through 416 contain some objective information, they contain a substantial amount of subjective analysis of Globus, its prospects, and its position in the market for medical devices. Dr. Bianco has referred the court to one case that admitted evidence seemingly similar to the analyst reports at issue in this case. But the court in that case, Kuper v. Quantum Chem. Corp., 852 F. Supp. 1389, 1398 n.4 (S.D. Ohio 1994), did not rule conclusively on the Rule 803(17) issue. Instead, it held only that the reports "appear" to fall within that exception to the hearsay rule. The court then went on to say that in any event the reports were non-hearsay because of the reason for which they were offered. Even if the brief and qualified allusion to Rule 803(17) were to be treated as a square holding on that issue, however, the Kuper case is not convincing support for Dr. Bianco's argument in light of the weight of authority pointing the other way with respect to similar documents.

For example, the court in JIPC Management, Inc. v. Incredible Pizza Co., 2009 WL 8591607, at *24 (C.D. Cal. 2009), addressed the admissibility of certain "sponsor reports," which document the amount of exposure achieved by sponsors during a televised event. The court explained that Rule 803(17) applies to "objective compilations of easily ascertainable facts," not reports containing "conclusions reached after analysis by a specialized marketing company." Similarly, in Triple Crown America, Inc. v. Biosynth AG, 1999 WL 305342, at *2 (E.D. Pa. 1999), the court excluded an article from the Chemical Marketing Reporter, a trade publication, asserting that Biosynth did business through an American subsidiary. The court held Rule 803(17) inapplicable on the ground that the rule "is limited to a published tabulation, compilation of objective factual data such as stock market closings, currency exchange rates,

3

bank interest rates, weights and measurements or similar formulations." Another similar case is <u>In re Dual-Deck Video Cassette Recorder Antitrust Litigation</u>, 1990 WL 126500, at *4 (D. Ariz. 1990), where the court noted that the rule applies to compilations of objective facts and does not apply, without more, to "publications upon which persons in a particular trade rely but which do not necessarily compile only objective facts." Finally, in <u>White Industries, Inc. v. Cessna Aircraft Co.</u>, 611 F. Supp. 1049, 1069 (W.D. Mo. 1985), the court rejected the argument that a company prospectus is admissible under Rule 803(17). The court explained that "the kinds of publications contemplated by the rule are those which deal with compilations of relatively straightforward objective facts not requiring, for their statement, a subjective analysis of other facts." <u>Id.</u> Based on the analysis in those and the previously cited cases, this court concludes that exhibits 412-416 are not admissible under Rule 803(17).

The present ruling is without prejudice to Dr. Bianco's urging the admission of the exhibits on other grounds, or offering redacted versions of the exhibits under Rule 803(17) if the necessary foundation for the remaining portions of the exhibits can be laid and if the exhibits, as redacted, can be shown to be relevant. For present purposes, the Court simply rules that the exhibits in their current form do not satisfy Rule 803(17).

IT IS SO ORDERED.

SIGNED this 11th day of January, 2014.

_[signature: William C. Bryson]_

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE