IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SABATINO BIANCO, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-00147-WCB |
| | § | |
| GLOBUS MEDICAL, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>FINAL INSTRUCTIONS</u>**

MEMBERS OF THE JURY:

  You have heard the evidence in this case. I will now instruct you on the law that you must apply. Remember, though, that you are the judges of the facts. The legal term for what I'm now going to give you is the "jury charge" or the "court's instructions." This has been a complex case, as you know, and the instructions I am about to give you will be somewhat long. They may also be a little difficult to follow at times, because the law that applies to the issues in this case is complex. But I have made copies of the instructions I am now giving that you can take back to the jury room with you to consult if you need to. So if you miss something as I'm reading, don't worry—someone else will probably pick up what you may miss, and you will always be able to check the written copy that I will give you. Because I will be giving you a copy of the instructions, I would advise you not to take notes as I talk and just listen.

  After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. When they do, you should keep in mind that, as I told you at the beginning

of the case, statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

I will begin by returning to the issue of the burden of proof, which I discussed with you a little bit at the outset of the case. The "preponderance of the evidence" standard applies to the issues in this case. For each of Dr. Bianco's claims, that means that Dr. Bianco must persuade you that each fact necessary to prove that claim is more likely to be true than untrue. If the evidence does not persuade you that any fact necessary to prove a particular claim has been proved by a preponderance of the evidence, you should find in favor of Globus on that claim.

Part of your task as finders of the facts is to weigh the testimony of the witnesses. That is a task for which juries are very well suited. For example, if there is a conflict in testimony on a particular point, use your common sense in deciding which witness you find more believable. If there is a question as to the relative expertise of particular witnesses, use your common sense to decide which witnesses you find more knowledgeable. The fact that a person has testified as an expert does not mean that you must accept his opinions as true. As with any other witness, it is up to you to decide whether you find that testimony convincing and choose to rely on it. Certain testimony was presented to you through depositions. The deposition testimony that you have heard is entitled to the same consideration as other evidence in the case.

Now I will turn to the requirements of each of the legal claims that Dr. Bianco has brought in this case.

## I.  TRADE SECRETS MISAPPROPRIATION

Dr. Bianco contends that Globus misappropriated what Dr. Bianco regards as his trade secret—his disclosure of an adjustable interbody spacer.  Globus denies that it misappropriated any trade secret from Dr. Bianco.

To prevail on his claim for misappropriation of a trade secret, Dr. Bianco must prove by a preponderance of the evidence that

(1)  A trade secret existed;

(2)  Globus acquired the trade secret either through improper means or through a confidential relationship;

(3)  Globus used the trade secret without authorization from Dr. Bianco (this is what the word "misappropriation" means in a claim for trade secret misappropriation); and

(4)  Globus's use of the trade secret injured Dr. Bianco.

In the context of this case, the alleged trade secret consists of a combination of information.  A trade secret is information that gives the trade secret owner an opportunity to obtain an advantage over competitors who do not know or use it.

A trade secret must be secret.  Information that is generally known or readily available by independent investigation is not secret for purposes of a trade secret misappropriation claim.  For example, information in a published U.S. patent is in the public domain and is not secret.  To determine whether information in the public domain constitutes a trade secret, it does not matter whether a particular individual is aware of that information, for purposes of deciding whether something is a trade secret.  A trade secret may consist of a combination of otherwise known components.

There is no precise definition or formula for determining whether Dr. Bianco's disclosure actually constituted a trade secret. Instead, you must make that determination in light of all the surrounding circumstances. The following factors may be relevant to determining whether Dr. Bianco's disclosure constituted a trade secret, although these are not the only factors that may be relevant and you are to weigh them in the context of the surrounding circumstances:

(1) The extent to which the information is known outside of Dr. Bianco's business;

(2) The extent to which others involved in Dr. Bianco's business knew the information;

(3) Measures taken by Dr. Bianco to guard the secrecy of the information;

(4) The value of the information to Dr. Bianco and his competitors;

(5) The amount of effort or money expended by Dr. Bianco in developing the information; and

(6) The ease or difficulty with which the information could be properly acquired or duplicated by others.

"Use" of a trade secret means any exploitation of the trade secret that is likely to result in injury to the trade-secret owner or enrichment of the defendant. Marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, relying on the trade secret to assist or accelerate research or development, or soliciting customers through the use of information that is a trade secret, all constitute "use" of the trade secret. "Use" does not require that a party use another's trade secret in the form in which it received it; however, the use must be substantially derived from the trade secret.

**DAMAGES FOR MISAPPROPRIATION OF TRADE SECRETS**

If you find that Globus is liable to Dr. Bianco under any of Dr. Bianco's claims, then you will have to determine the amount of damages to award to Dr. Bianco. The fact that I am instructing you on damages should not be taken as any indication that I believe that either party should win this case. I am instructing you on damages simply because the law provides that if you the jury should find that Globus is liable to Dr. Bianco, you must then turn to the issue of damages.

If you find by a preponderance of the evidence that Globus misappropriated Dr. Bianco's trade secrets, you will be asked to determine what damages Globus should be required to pay to Dr. Bianco, if any. There are several ways that the law permits you to calculate damages in a trade-secret misappropriation case such as this one.

First, if you find that Globus has misappropriated Dr. Bianco's trade secret or secrets, you could decide that it is fair and equitable to require Globus to disgorge some portion, from 0% up to 100%, of the profits Globus has gained as a result of the misappropriation. If you decide to award Dr. Bianco some portion of Globus's profits, you must determine what that portion should be. To do that, you must determine how much of Globus's net profit was attributable to Dr. Bianco's trade secrets. That amount would be calculated by determining the net profit that Globus has earned on devices that use Dr. Bianco's trade secret and then determining how much of that net profit is attributable to Dr. Bianco's trade secret. For example, if you decide that only a certain percentage of the value of the products that use Dr. Bianco's trade secret is attributable to Dr. Bianco's trade secret, you would award Dr. Bianco only that percentage of Globus's profits.

You are not required to calculate damages by the net profit method if you decide that method would not be fair to Globus or that the profits attributable to Dr. Bianco's trade secret cannot be determined with reasonable accuracy. There is another method of calculating damages, which is based not on the amount that Globus has gained from the misappropriation, but on the amount that Dr. Bianco has lost. In applying this method of calculating damages, you must determine what Dr. Bianco would have gained from his trade secrets if Globus had not misappropriated them. One way to determine the proper amount of damages to award under this approach is to consider the amount Dr. Bianco would have received from Globus if he had been paid a "reasonable royalty" for the use of his trade secret. A royalty is a payment that is made to the owner of valuable information by someone who wishes to use it. In order to determine the amount that would be a reasonable royalty, you start by assuming that the parties would have been willing to negotiate a royalty amount and then decide what royalty the parties would have agreed to if they had engaged in negotiations before the sales of the product in question took place. In deciding what royalty would have resulted from such a negotiation, you can consider, for example,

(1) the evidence of the royalty rates paid for other similar trade secrets;

(2) the profitability of the products that incorporated those trade secrets;

(3) the advantages that the trade secrets gave to Globus compared with other information available from other sources;

(4) the portion of the value of the product that should be attributed to the trade secrets;

(5) the testimony of qualified experts;

(6) the value of the trade secret to Dr. Bianco; and

(7) any other factors that might affect the rate that the parties would choose;

## II. BREACH OF CONTRACT

Dr. Bianco alleges that Globus breached its contractual obligations to him by using Dr. Bianco's disclosure without his permission.

To succeed on his claim for breach of contract, Dr. Bianco must prove the following things by a preponderance of the evidence:

(1) That Dr. Bianco and Globus entered into a valid, enforceable contract;

(2) That Dr. Bianco performed his obligations under the contract;

(3) That Globus breached the contract; and

(4) That Globus's breach caused Dr. Bianco injury.

To form a valid contract, the parties must have the same understanding of the subject matter of the contract and all of its essential terms. To be enforceable, a contract must be reasonably definite and certain. Failure to agree on an essential term renders a contract unenforceable.

Applying those principles to this case, you must decide whether Globus and Dr. Bianco entered into a valid agreement under which, if Dr. Bianco shared with Globus his disclosure, Globus would not use that disclosure for its own purposes or disclose it to the public without obtaining permission from Dr. Bianco. If you find the parties did enter into such an agreement, you then must decide whether Globus complied with that agreement.

**DAMAGES FOR BREACH OF CONTRACT**

If you find that Globus breached its contractual obligations to Dr. Bianco, you must assess what sum of money, if any, would fairly compensate Dr. Bianco for the injury he has

7

suffered as a result of the breach. In a breach of contract action, the victim is to be restored to the position he would have been in had the contract been performed. That is, the measure of damages is not the benefits received by the breaching party, Globus, but the loss or damages actually sustained by the non-breaching party, Dr. Bianco. If you find that Dr. Bianco has proved that he suffered actual damages, he may recover compensation for his loss. To recover damages, Dr. Bianco must prove that it is reasonably certain that he would have benefited from the contract in a natural, probable, and foreseeable way.

To decide the amount of the damages to award, you must determine the gross, or total, amount Dr. Bianco would have received if the contract had not been breached, and then subtract from that amount the expenses Dr. Bianco would have had if the breach had not occurred. Damages need not be established with mathematical precision, but you must have a reasonable basis for your calculation.

## V. DELIBERATIONS (To be given after closing arguments)

When you retire to the jury room to deliberate on your verdict, you may take copies of this charge with you. The first thing you should do is to select a Foreperson, who will be responsible for communicating with the Court and the Courtroom Deputy as needed. You should then begin your deliberations.

Your verdict on each issue must be unanimous. There will be a verdict form in the jury room waiting for you when you retire for deliberations. When you have reached a unanimous verdict as to each question on the verdict form, the Foreperson is to fill in the answers on the verdict form. Make sure that you read the questions carefully, as some of them may not require answers depending on how you have answered other questions. Do not reveal your answers to

any of the questions to me, to Mr. Blanton, or to anyone else until you are ready to deliver your verdict in court.  Also, you should not reveal your numerical division on any issue during the course of your deliberations, even to me, or to Mr. Blanton, or to any other person outside the jury.

I expect that when you get into the jury room to begin deliberations you may feel a little overwhelmed.  This has been a complicated case and there is a lot of evidence and argument to think about.  But I think you will be pleasantly surprised that as you start working methodically through the case, things will begin to seem more manageable.  I hope and expect you will listen to one another's views, even if you initially disagree on some things.  Discussing the issues from different perspectives can often help you formulate your ideas about how particular issues should be decided.

If you want to communicate with me at any time, please give a written message or question to the Courtroom Deputy, who will bring it to me.  You probably will not get a reply right away, as I will ordinarily have to summon the lawyers and get their input before responding to your questions.  But if you do have a question that is hanging you up, you are entitled to ask.  I will tell you now, however, that once the case is submitted to you, we will not be able to take additional evidence or testimony, and in most instances we will just have to tell you to rely on your recollection of the evidence.  I think you will find that in most instances, if you put your heads together, you will recall the evidence that you need to get you over the problem.  That is one of the reasons there is a group of you; eight memories are better than one.  And finally, trust your common sense throughout.  As I have mentioned, the founding fathers of this country had great confidence in the sound common sense of an American jury.  They had confidence in you

to do your job diligently and well.  These parties have confidence in you.  And so do I.  You may now retire for your deliberations.