IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SABATINO BIANCO, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-00147-WCB |
| | § | |
| GLOBUS MEDICAL, INC., | § | |
| | § | |
| Defendant. | § | |

**CORRECTED MEMORANDUM AND ORDER**

This memorandum and order was originally issued under seal on January 9, 2014. The Court has corrected a factual error in the original order (pertaining to Mr. Harris's title as of 2007) and has designated the order unsealed. The order is otherwise unchanged.

Before the Court are Plaintiff's Brief on the Use of Deposition Testimony at Trial (Dkt. No. 199) and the response, Globus Medical, Inc.'s Objection and Brief Regarding Plaintiff's Designation of Gregg Harris' Deposition Under Federal Rules of Civil Procedure 32(a)(3) (Dkt. No. 202). Dr. Bianco's brief refers to his intention to offer into evidence portions of the videotaped depositions of David C. Paul, Andrew P. Iott, Steven Payne, and Gregg Harris under Fed. R. Civ. P. 32(a)(3), even though they are available to testify at trial. In addition, Dr. Bianco states that he plans to play portions of the videotaped depositions of present and former Globus employees Andy Lee, Bill Rhoda, Steve Anthony, Chad Glerum, and Sean Suh under Fed. R. Civ. P. 32(a)(4)(B) because they are unavailable witnesses. Globus's brief addresses only Dr. Bianco's proposal to play portions of the deposition of Gregg Harris. The Court

1

understands that Globus has no objection to Dr. Bianco's proposal to the play the depositions of the other listed witnesses. This order accordingly addresses only the request to play Gregg Harris's videotaped deposition and Globus's objection to that request.

The Court GRANTS the plaintiff leave to play the videotaped deposition of Gregg Harris pursuant to Rule 32(a)(3). Mr. Harris's deposition is therefore admissible for any purpose and is not limited to use for impeachment purposes when Mr. Harris testifies at trial.

Rule 32(a)(3) allows a party to introduce deposition testimony against a party opponent for any purpose if the person deposed is an "officer, director, managing agent, or designee [of the party opponent] under Rule 30(b)(6) or 31(a)(4)." A deposition falling within the scope of Rule 32(a)(3) is admissible regardless of whether the person deposed is unavailable to testify at trial.

Mr. Harris is now, and was at the time of his deposition in this case, Globus's Vice President of Sales in the South Central Zone. It is clear that Mr. Harris was not a designee under Rule 30(b)(6) or Rule 31(a)(4). It is also clear that he is not a director of Globus. Dr. Bianco argues in passing that, having been denominated a "vice-president" of Globus, Mr. Harris qualifies as a corporate officer. However, Dr. Bianco's principal argument is that Mr. Harris is a "managing agent" within the meaning of Rule 32(a)(3). Because there is little evidence in the record as to Globus's corporate structure and what responsibilities attach to the position of "vice-president," the Court will not decide whether Mr. Harris is an "officer" of Globus. The Court concludes, however, that Mr. Harris qualifies as a "managing agent," as that term is used in Rule 32(a)(3), and that his deposition is admissible without regard to whether he is available to testify at trial.

The term "managing agent," as used in Rule 32(a)(3) is undefined and has been the subject of a considerable body of caselaw. The question whether a particular corporate employee is a "managing agent" has been "answered pragmatically on an ad hoc basis." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2103, at 480 (2010). Sixty years ago, one district court stated that "the question of which persons are 'managing agents' of a corporation has been the cause of many disputes." Rubin v. Gen. Tire & Rubber Co., 18 F.R.D. 51, 55 (S.D.N.Y. 1955). That continues to be the case; the decisions in each case continue to be driven by the particular factual circumstances, not by a clear and easily applied legal standard. See Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1452 (D.C. Cir. 1986) ("Largely because of the vast variety of factual circumstances to which the concept must be applied, the standard, like so many others in the law, remains a functional one to be determined largely on a case-by-case basis.").

In determining whether a particular employee is a "managing agent," within the meaning of Rule 32(a)(2), courts have frequently looked to the following general factors: "(1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the particular matter or possessed all of the necessary information." 7 James Wm. Moore, Moore's Federal Practice § 32.21[2][a], at 32-25 (2012); see Crimm v. Mo. Pac. RR. Co., 750 F.2d 703, 708 (8th Cir. 1984); Stearns v. Paccar, Inc., 1993 WL 17084 (10th Cir. 1993); Terry v. Modern Woodmen of Am., 57 F.R.D. 141, 143 (W.D. Mo. 1972); Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 96 (S.D.N.Y. 1968); Rubin, 18 F.R.D. at 55-56.

Particularly in the more recent decisions on the "managing agent" issue, the courts have given particular emphasis to the importance of the employee's responsibilities "with respect to the subject matter of the litigation." Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D.166, 170 (S.D.N.Y. 1985); see United States v. Afram Lines, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); Calderon v. Experian Info. Solutions, Inc., 287 F.R.D. 629, 632 (D. Idaho 2012); Libbey Glass, Inc. v. Oneida, Ltd., 197 F.R.D. 342, 349-50 (N.D. Ohio 1999); Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, at *2-3 (S.D.N.Y. 2002); Botell v. United States, 2013 WL 360410, at *4-6 (E.D. Cal. 2013); Edu-Science (USA), Inc. v. Intubrite, LLC, 2013 WL 4716232, at *2-3 (S.D. Cal. 2013); see also Kolb v. A.H. Bull Steamship Co., 31 F.R.D. 252, 254 (E.D.N.Y. 1962). That is because, as one court explained, the purpose of obtaining a deposition from a corporate representative would be largely defeated "if only those persons came within the category of 'managing agent' whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers." Rubin, 18 F.R.D. at 55.

Moreover, courts have held that the term "managing agent" should "not be given too literal an interpretation," Kolb, 31 F.R.D. at 254; see Libbey Glass, 197 F.R.D. at 349; Tomingas, 45 F.R.D. at 96; M.F. Bank Restoration Co. v. Elliott, Bray & Riley, 1994 WL 8131 (E.D. Pa. 1994). The facts of the decided cases apply that principle and make clear that the term "managing agent" is not read restrictively to be limited to persons in the upper management of the corporation. Instead, the courts have found particular employees to be "managing agents" of the corporation if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case. See M.F. Bank

Restortation Co., 1994 WL 8131, at *3 ("Numerous courts . . . have held that the test should not be applied too literally to require general discretionary powers. Rather, the courts should make the determination of managing agency depending largely on functions, responsibilities and authority of the individual involved respecting the subject matter of the litigation.") (citations omitted).

For example, in Tomingas, the court found that two engineers for the Douglas Aircraft Corporation were the representatives of the corporation who were present during the investigation of the crash of one of the corporation's aircraft. The court held that the engineers were "managing agents" of the corporation "for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of the litigation." Tomingas, 45 F.R.D. at 97. Similarly, in Kolb, the court rejected the corporate defendant's argument that the deponent functioned within the framework and under the limitation of higher authority and was therefore a mere employee, not a "managing agent" of the corporation. 31 F.R.D. at 254. The court found that although the employee was answerable to higher authority within the corporation, he had significant responsibility for the operations that were the subject of the litigation and therefore fell within the scope of Rule 32(a)(3). Id. On facts even closer to those of this case, the court in Terry v. Modern Woodmen of America found a company's insurance salesman to be a "managing agent" of the company based on evidence that the salesman was in charge of the negotiation and sale of insurance contracts to persons on Sheppard Air Force base, including the plaintiff. 57 F.R.D. at 143. See also Stearns, 1993 WL 17084, at *4 (employee responsible for quality control procedures held to be a "managing agent" in a case involving an accident implicating the failure of quality control procedures); Rubin, 18 F.R.D. at 56 (persons who

5

negotiated contracts between the parties, participated in conferences concerning claims, and were the supervisory officials most familiar with the transaction involved in the dispute held to be "managing agents").

The evidence on which Globus relies in support of its contention that Mr. Harris is not a "managing agent" of Globus is an affidavit from one of its corporate officers stating that Mr. Harris's position focuses on the sale of products Globus offers and that his responsibilities do not include "the management of corporate matters that a corporate officer or director would be responsible for" and that he "is not a member of Globus' executive management team nor is he a member of Globus' Board of Directors and is not involved in any of Globus' corporate governance." Those assertions do little more than support the proposition that Mr. Harris is not a director or officer of the corporation; they do not address the standards set forth above for establishing that a person is a "managing agent" of the corporation, and in particular they do not address Mr. Harris's responsibilities with respect to the events that constitute the subject matter of this litigation.[1]

Dr. Bianco has not made a particularly compelling showing as to Mr. Harris's role in the corporation, but it is sufficient to satisfy the Court that Mr. Harris is a "managing agent" of Globus, particularly in light of his knowledge of and involvement in the events relating to the

---

[1] Citing Jackson v. Chevron Chem. Co., 679 F.2d 463, 466 (5th Cir. 1982), Globus argues that "district courts have been reluctant to allow deposition testimony when the witness can testify live to the same information." In fact, Jackson is of no help to Globus. The court of appeals in that case declined to decide whether the trial court had committed error in excluding the deposition testimony of a witness under Rule 32(a)(3), but held that even if the trial court had erred, the error was harmless. In other similar cases, appellate courts have held that trial courts were in error in excluding deposition testimony from "managing agents" but ruled the error harmless. See Coletti v. Cudd Pressure Control, 165 F.3d 767, 773 (10th Cir. 1999); Crimm, 750 F.2d at 708.

dispute in this case. The evidence showed that, in his capacity as Globus's Vice President of Sales in the South Central Zone, Mr. Harris reports directly to the Executive Vice President for United States sales and that he has substantial autonomy in his position. Mr. Harris has supervisory responsibilities over other sales representatives, whom he has hired and fired. With respect to the facts of this case, the evidence shows that Mr. Harris and his subordinates were the principal contacts with Dr. Bianco in arranging for Dr. Bianco to work with Globus's customs department. It was to Mr. Harris that Dr. Bianco expressed his idea for the intervertebral expansion device, and it was Mr. Harris who conveyed the "new idea submission forms" to Globus's product development manager. That evidence is sufficient to show that Mr. Harris had a significant level of responsibility within the corporation, that he had substantial autonomy and authority to exercise judgment in making decisions for the company, and that there is no indication that persons higher in authority than Mr. Harris had greater knowledge of, or were involved in an important stage of the events giving rise to this case. Under those circumstances, the Court concludes that Mr. Harris is a "managing agent" of Globus for purposes of Rule 32(a)(3) and that Dr. Bianco can introduce Mr. Harris's deposition intro evidence at the trial.

IT IS SO ORDERED.

SIGNED this 6th day of March, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE