**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SABATINO BIANCO, MD | § | |
| | § | Civil Action No. 2:12-CV-00147-WCB |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GLOBUS MEDICAL, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

**GLOBUS MEDICAL, INC.'S MOTION TO RECONSIDER
DENIAL OF ITS MOTION TO FIND THE CASE
EXCEPTIONAL [DKT. 280] BASED ON *OCTANE FITNESS***

Globus Medical, Inc. ("Globus") requests this Court reconsider the denial of Globus'

Motion to Find the Case Exceptional [Dkt. 280]:

1.      On April 2, Globus filed its Motion to Find the Case Exceptional.[1]  On April 17,

the Court denied Globus' motion.[2]

2.      On April 29, the U.S. Supreme Court issued an opinion clarifying the test for

determining whether a case is exceptional under the Patent Act and the level of evidence

required to make such a determination.  *See Octane Fitness, LLC v. ICON Health & Fitness,*

*Inc.*, April 29, 2014 Slip Opinion.

3.      In *Octane Fitness*, the Court rejected the *Brooks Furniture* framework as "overly

rigid."  *Id.*, at p. 8.  The Court then held that an exceptional case is simply one that stands out

from others with respect to substantive strength of a party's litigating position (considering both

---

[1] Dkt. 270.

[2] Dkt. 280.

the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. *Id*., at 7-8.  Finally, the Court rejected the Federal Circuit's requirement that patent litigants prove entitlement to fees under § 285 by "clear and convincing evidence."  *Id*., at 11.

4.      Because this Court evaluated Globus' motion under the *Brooks Furniture* framework,[3] Globus respectfully requests the Court to reconsider Globus' motion in light of the *Octane Fitness* test.[4]

## PRAYER

Globus requests this Court reconsider the denial of Globus' Motion to Find the Case Exceptional [Dkt. 280] and evaluate the motion under the *Octane Fitness* test.

---

[3] Dkt. 280, at 10 ("For the foregoing reasons, the Court concludes that Globus has failed to satisfy its burden of showing, by clear and convincing evidence, that the position taken by Dr. Bianco with regard to the inventorship claim was objectively baseless and brought in subjective bad faith.").

[4] In the event Globus appeals this issue, the appellate court presumably would remand for this Court to reconsider its opinion in light of the *Octane Fitness* test.  Reconsideration at this stage is therefore appropriate for the sake of judicial economy.

Respectfully submitted,

Dated:  May 9, 2014

/s/ R. Brandon Bundren
Thomas W. Sankey
State Bar No. 17635670
twsankey@duanemorris.com
Gregory M. Luck
State Bar No. 12666380
gmluck@duanemorris.com
R. Brandon Bundren
State Bar No. 24050353
rbbundren@duanemorris.com
Diana M. Sangalli
State Bar No. 24033926
dmsangalli@duanemorris.com
Corey M. Weideman
State Bar No. 24056505
cmweideman@duanemorris.com
**DUANE MORRIS LLP**
1330 Post Oak Blvd., Suite 800
Houston, Texas  77056-3166
Telephone:     (713) 402-3900
Facsimile:     (713) 402-3901

Matthew A Taylor (*pro hac vice*)
mataylor@duanemorris.com
Lawrence H. Pockers (*pro hac vice*)
lhpockers@duanemorris.com
Jeffrey S. Pollack
jspollack@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:     (215) 979-1000
Facsimile:     (215) 979-1020

**ATTORNEYS FOR
GLOBUS MEDICAL, INC.**

DM1\4661812.1

### CERTIFICATE OF SERVICE

I certify that on May 9, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the Court's CM/ECF system which will send notice of filing to all counsel of record who are deemed to have consented to electronic service per Local Rule CV-5(a)(3).

/s/ R. Brandon Bundren
R. Brandon Bundren

## **CERTIFICATE OF CONFERENCE**

I certify that per Local Rule CV-7(i)(10), neither the meet and confer nor the certificate of conference requirements are applicable to motions for reconsideration.

/s/ R. Brandon Bundren
R. Brandon Bundren
Counsel for Globus Medical, Inc.