IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SABATINO BIANCO, M.D., | § | |
| | § | |
| Plaintiff, | § | Case No. 2:12-CV-00147-WCB |
| | § | |
| v. | § | **FILED UNDER SEAL** |
| | § | |
| GLOBUS MEDICAL, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Dr. Bianco's Motion to Clarify, Alter, or Amend the Judgment
Pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 317. For the reasons stated below,
the Motion is DENIED.

In its final judgment in this case, the Court awarded Dr. Bianco an ongoing royalty of 5
percent of the "net sales" of Globus's Caliber, Caliber-L and Rise implants. Dkt. No. 315, at 2.
Prior to issuing the final judgment, the Court determined that 5 percent was the appropriate
royalty rate and that the net sales of those products—as that term is defined in the exemplary
Globus royalty agreements considered by the damages experts in this case—was the appropriate
royalty base. See Dkt. No. 311, at 22. The Court therefore intended that the net sales of Caliber,
Caliber-L, and Rise would be determined pursuant to Globus's normal practices in paying
royalties to surgeons and other entities.

Upon determining the ongoing royalty award, and prior to issuing the final judgment, the
Court directed the parties to file a joint notice setting out their positions as to the definition of net

sales that the Court should incorporate in the ongoing royalties portion of the judgment.  Dkt. No. 311, at 23.  The parties submitted that joint notice (Dkt. No. 314), and the Court adopted the definition proposed by the parties verbatim in the final judgment.

In its motion to clarify or amend the judgment, Dr. Bianco takes issue with the way Globus has calculated net sales in determining the ongoing royalties owed to him.  Specifically, Dr. Bianco asserts that Globus has improperly inflated its calculation of the "cost of goods sold and sales commissions," which is a deduction from overall revenue that is used to calculate net sales.  In particular, Dr. Bianco contends that Globus has included the salaries of its sales staff as "sales commissions," which is not consistent with the proper calculation of net sales.  Dr. Bianco also contends that Globus has improperly included certain indirect costs in its calculations of the "cost of goods sold."

Dr. Bianco has pointed to no evidence, and does not appear to even argue, that Globus's calculation of net sales is in any way inconsistent with Globus's normal practices in calculating net sales under any of its many licensing agreements that use net sales as the royalty base.  Globus, on the other hand, has submitted the declaration of its Chief Accounting Officer, Steven Payne, which states that Globus has calculated net sales for Dr. Bianco in the same way it does for "each of its approximately 250 contributing doctors."  Dkt. No. 329-1, at 2.  Mr. Payne explained that Globus's calculation of "commissions" includes the salaries of its sales staff because that staff is paid pursuant to a "blended compensation package" consisting of a traditional commission (sales-based) component and a fixed salary (non-sales based) component that does not last more than two years after employment begins.  Id.  Mr. Payne also stated that

Globus's methodology in that regard is consistent with generally accepted accounting principles ("GAAP"). Id. at 3.

Mr. Payne's declaration states that Globus's typical practice is to use both direct and indirect costs in calculating the cost of goods sold. That practice, Mr. Payne testified, is consistent with GAAP, consistent with the way Globus has calculated the cost of goods sold in filings with the Securities and Exchange Commission, and consistent with the "methodology [Globus] has employed for the creation of royalty reports for all contributing physicians" since the time Mr. Payne began working at Globus in 2005. Id. at 3.

Because the Court intended that net sales for Dr. Bianco would be calculated in the same way that Globus calculates that figure for other surgeons, and because the evidence shows that Globus has not changed its methodology with respect to the calculation of that figure for purposes of determining the royalty payment owed to Dr. Bianco, the Court DENIES Dr. Bianco's motion.

IT IS SO ORDERED.

SIGNED this 27th day of October, 2014.


_____

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE